IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> HENRY ANGUS BADBEAR <br><br> Defendant. | CR 07-31-BLG-SPW-TJC <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Watters referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 41) (citing 28 U.S.C. § 636(b)(1)(B) and Fed. R. Crim. P. 59(a)).

On August 10, 2017, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 9 months imprisonment, with no supervised release to follow.

I.  **Background**

On August 5, 2009, Defendant pled guilty to the offense of unlawful transportation of firearms, in violation of 18 U.S.C. § 922(g)(1). (Doc. 17.) On November 4, 2009, the Court sentenced him to 57 months imprisonment, to be

1

followed by 36 months supervised release. (Doc. 21.) Defendant began serving his term of supervised release on June 11, 2014. (Doc. 23.)

On February 16, 2016, Defendant's supervised release was revoked for failing to notify the probation office within 72 hours of contact with law enforcement, missing a scheduled intake assessment with a substance abuse provider, missing random urinalysis testing, failing to turn in monthly reports, testing positive for alcohol, committing a local crime (DUI), and failure to appear. He was sentenced to 5 months imprisonment, followed by 31 months supervised release. (Doc. 34.) Defendant began his second period of supervised release on June 22, 2016. (Doc. 34.)

On May 4, 2017, the United States Probation Office filed the petition now at issue. (Doc. 34.) The petition alleges that Defendant violated 10 conditions of supervised release, including committing a local crime, failing to notify the probation office within 72 hours of contact with law enforcement, failing to appear for urinalysis testing, failing to appear for substance abuse treatment, and consuming alcohol. *Id*. Based on the petition, Judge Watters issued a warrant for Defendant's arrest. (Doc. 35.)

Defendant was arrested on July 31, 2017. (Doc. 36.) On August 1, 2017, Defendant made an initial appearance. (Doc. 37.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. *Id.*

The Court set the final revocation hearing for August 10, 2017. (Doc. 40.) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (Doc. 37.)

## II. <u>Final Revocation Hearing</u>

Defendant appeared at the revocation hearing represented by counsel. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to appear before Judge Watters, and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the maximum statutory sentence is 24 months incarceration, and the United States Sentencing Guidelines range is 5 – 11 months incarceration. Defendant could also be sentenced to as much as 31 months supervised release, less any custody time imposed. Counsel for the Government and Defendant agreed with these calculations.

The Government requested 11 months incarceration, with no additional supervised release. Defendant's counsel requested a sentence of 8 months

3

incarceration, with no additional supervised release. Defendant's counsel also requested that the Court recommend placement at FMC Rochester due to Defendant's several significant medical conditions, and noted that Bureau of Prisons had previously placed him at that facility.

## III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 9 months imprisonment, with no supervised release to follow.

This sentence is authorized under 18 U.S.C. § 3583(e), which states the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. This may be done after considering the factors set forth in section 3553(a), which includes "the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a)(1). Defendant has a long history in the federal court system and continues to show disregard for his welfare and the welfare of others through the continued use of alcohol. Defendant also shows little regard for the conditions set forth by the Court. The Court must also consider section 3553(a)(2)(C), which states "to protect the public from further crimes of the defendant." Defendant

4

continues to accumulate new charges relating to drinking and driving, which is a serious risk to both Defendant and the community. Thus, both Defendant and the public are at an increased risk of harm if Defendant remains in the community. In addition, given Defendant's attitude towards supervision, his significant substance abuse issues, and his obstinate attitude towards supervision, it is the Court's opinion that Defendant is not amenable to supervision.

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Watters, and reminded that he has the right to appear and allocute before Judge Watters. The undersigned instructed Defendant that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Watters.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the mandatory condition that he shall not commit another federal, state or local crime.

2 Defendant violated the standard conditions that he shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, and that he shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

3. Defendant violated the special conditions that he shall participate in substance abuse testing, that he shall participate in and complete a program of substance abuse treatment, and that he shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 9 months imprisonment, with no supervised release to follow.

2. The Court should recommend to the Bureau of Prisons that the Defendant be placed at FMC Rochester due to his medical conditions.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Watters will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Watters may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a *de novo* determination by Judge Watters, and may waive the right to appear and allocute before Judge Watters.

DATED this 11th day of August, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge